UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ACQUEST WEHRLE LLC

*Plaintiff*

-vs- **COMPLAINT**

UNITED STATES OF AMERICA
UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY,
UNITED STATES ARMY CORPS OF ENGINEERS,
TOWN OF AMHERST, NEW YORK
THOMAS and ANN SUCHYNA,
THOMAS and SHIRLEY GALANES,
GEORGE and DOROTHY MARTIN,
ROBERT and ABIGAIL WESLOWSKI,

*Defendants*

## JURISDICTION AND VENUE

1. This Court has original jurisdiction in this action pursuant to 28 USC § 1331 because it arises out of the laws of the United States of America and pursuant to 5 USC §§701-706, the Administrative Procedure Act.

2. Venue is proper in the United States District Court for the Western District of New York pursuant to 28 USC § 1391 because the real property that is subject to this action is within the Court's judicial district.

## NATURE OF THIS ACTION

3. The Plaintiff seeks a judgment declaring that certain real property in the Town of Amherst, New York known as 2190 and 2220 Wehrle Drive ("Wehrle Drive Property") is exempt from the Clean Water Act, 42 USC§1344, *et. seq.*

HARRIS BEACH PLLC
ATTORNEYS AT LAW

4. The Plaintiff seeks a judgment declaring that the November 22, 2002 "Jurisdictional Determination and Special Case Designation for Wetlands and Aquatic Areas at 2220 Wehrle Drive, Amherst, NY" by the United States Environmental Protection Agency is contrary to law, premised on an erroneous and arbitrary interpretation of law, and founded on erroneous conclusions of fact and law.

5. The Plaintiff seeks a judgment declaring the United States Army Corps of Engineers lacks jurisdiction over the Wehrle Drive Property.

6. The Plaintiff seeks a judgment declaring that a 1983 Moratorium Agreement between the Town of Amherst and the United States Environmental Protection Agency that prohibits sewage connections to what is known as the Southeast Amherst Interceptor and Collector Sewer Project does not apply to the Wehrle Drive Property because the Wehrle Drive Property does not contain federally regulated wetlands.

7. The Plaintiff seeks a judgment declaring that the 1983 Moratorium Agreement between the Town of Amherst and the United States Environmental Protection Agency is void and unenforceable because it is contrary to law, deprives Plaintiff due process of law, and deprives Plaintiff the use and benefit of the Wehrle Drive Property without just compensation in violation of the Constitutions and laws of the United States of America and the State of New York.

8. The Plaintiff seeks a judgment that a July 19, 2006 Determination of the United States Army Corp of Engineers revoking a Clean Water Act Section 404 "Provisional Permit" for the Wehrle Drive Property is contrary to law, premised on an erroneous and arbitrary interpretation of law, and founded on erroneous conclusions of fact and law.

## PARTIES

9. Acquest Wehrle LLC ("Acquest") is a New York Limited Liability Company with its office and principal place of business in the County of Erie, State of New York and is the successor in interest to Niskauyana Square, LLC. ("Niskayuna Square").

10. The United States Army Corps of Engineers ("Corps") is a division of the United States Army. The Corps is the federal agency having primary responsibility under the Clean Water Act to determine the boundaries of federally designated wetlands and issue permits to discharge refuse material into navigable waters.

11. The United States Environmental Protection Agency ("EPA") is an agency of the United States of America organized and operating pursuant to the laws of the United States.

12. Thomas and Ann Suchyna, Thomas and Shirley Galanes, George and Dorothy Martin and Robert and Abigail Weslowski are residents of the Town of Amherst, New York. They will be referred to herein collectively as the "Wetlands Plaintiffs".

13. The Town of Amherst, New York ("Town") is a municipal corporation organized and operating pursuant to the laws of the State of New York located in the County of Erie, State of New York.

14. Acquest owns the Wehrle Drive Property.

15. The Wehrle Drive Property is approximately twenty-five undeveloped acres. 2190 Wehrle Drive is approximately 5.72 acres and 2220 Wehrle Drive is approximately 19.69 acres.

**PROJECT HISTORY**

16. Sometime in 1983 the Town accepted a 5.8 million dollar construction grant from EPA and, upon information and belief, the New York State Department of Environmental Conservation ("DEC"), to assist in the construction of a sewer project known as the Southeast Amherst Interceptor and Collector Sewer Project ("Sewer Project").

17. Upon information and belief, as a condition for accepting assistance for the Sewer Project the Town, by Resolution dated July 5, 1983 (Exhibit 1), entered into a "Moratorium Agreement" with EPA wherein it agreed, among other things, that for a period of fifty years, it would not authorize sewage "tap-ins" for development of any building, facility or other construction within any wetlands within the Sewer Project.

18. The Environmental Assessment prepared by EPA for the Sewer Project (Exhibit 2) identified "three wetland areas within the Southeast Amherst Planning Area". The three wetlands areas include: (i) portions of the Wehrle Drive Property ( approximately nine acres of wetlands), (ii) a smaller property (six acres of wetlands located within the flight path of the Buffalo International Airport and approximately 500 feet south of the Wehrle Drive Property), and (iii) the Hopkins Road wetland commonly known as the "Great Bear Swamp".

19. Upon information and belief, terms of the Moratorium Agreement allowed the above-identified six acre wetland to be filled. Since the date of the Moratorium Agreement the "Great Bear Swamp" wetland was made a New York State Park. In addition, by Resolution dated January 8, 2001 the Town Board applied to EPA for a Tap-In Waiver for property adjacent to the Wehrle Drive Property located at 2250 Wehrle Drive. A Tap-In Waiver was granted by EPA subject to the owner of the 2250 Wehrle Drive property entering into a Wetlands Impact Mitigation Memorandum of Agreement with EPA. Consequently, the only property negatively impacted by the Moratorium Agreement is the Wehrle Drive Property.

20. The owners of the Wehrle Drive Property were not parties to the Moratorium Agreement.

21. At the time the Town entered into the Moratorium Agreement and received the 5.8 million dollar construction grant the Wehrle Drive Property was zoned for residential development, "R-3", by the Town Zoning Code.

HARRIS BEACH PLLC
ATTORNEYS AT LAW

22. In 1995 the former owner of 2220 Wehrle Drive, GBC, Inc., petitioned the Town of Amherst Town Board ("Town Board") to rezone that portion of the Wehrle Drive Property from R-3 to OB to develop approximately 175,000 square feet of office space.

23. The GBC petition was reviewed by the Town of Amherst Planning Board. As part of its review, the Planning Board adopted a "Negative Declaration" pursuant to the State Environmental Quality Review Act ("SEQRA") declaring that the proposed office space development will not have a significant adverse effect on the environment. The Record of the SEQRA process and the rezoning petition did not, contrary to law, refer to or incorporate the Moratorium Agreement.

24. The Planning Board unanimously recommended to the Town Board that the GBC petition be granted. A copy of the Planning Board's Resolution of May 18, 1995 is attached hereto as Exhibit 3.

25. Thereafter, by Resolution adopted on December 4, 1995 (Exhibit 4), the Town Board re-zoned 2220 Wehrle Drive from R-3 to OB to permit development of the office space.

26. Acquest contracted to purchase 2190 Wehrle Drive in 2001 from the former owner, Yaroslava Stowbunenko-Saitschenko ("Saitschenko"), for the purpose of assisting in the development of 2220 Wehrle Drive, in conformity with the OB zoning designation of the Town Zoning Code and the previously approved rezoning. The purchase was completed in 2005.

27. By letter dated June 29, 2001 the Corps made a Jurisdictional Determination ("Corps Determination") that the federal wetlands previously identified on the Wehrle Drive Property were "isolated, non-navigable intrastate waters" not subject to regulation under Section 404 of the Clean Water Act. A copy of that determination is annexed hereto as Exhibit 5.

28. There are no New York State designated wetlands on the Wehrle Drive Property.

29. After the Corps Determination Acquest petitioned the Town Board to rezone the 2190 Wehrle Drive portion of the Wehrle Drive Property from R-3 to OB for the purpose of developing an office park that, as proposed at the time, would consist of approximately ten buildings and 1,000 parking spaces.

30. On December 17, 2001 the Town Board adopted a "SEQR Negative Declaration Notice of Determination and Non-Significance" again declaring that the proposed rezoning and development "will not have a significant adverse effect on the environment". A copy of the Notice is annexed hereto as Exhibit 6.

31. Thereafter, the Town Board adopted a Resolution (Exhibit 7) granting Acquest's petition and rezoned 2190 Wehrle Drive from R-3 to OB for the purpose of developing the office park.

32. The Planning Board approved Acquest's site plan for the office park subject to obtaining a Tap-In Waiver from the EPA and a "Section 404 Permit" from the United States Army Corps of Engineers.

33. By Resolution dated February 12, 2001 the Town Board authorized a request for a "Tap-In" waiver from EPA to permit a sewage connection from the Wehrle Drive Property. A copy of the Resolution is annexed as Exhibit 8.

## THE WETLANDS LITIGATION

34. On November 13, 2001 the Wetlands Plaintiffs commenced an action in the United States District Court for the Western District of New York ("Wetlands Action") against the Corps, Niskayuna Square and Saitschenko to vacate the June 29, 2001 Jurisdictional Determination of the Corps pursuant to the Administrative Procedure Act, 5 USC §701, *et. seq.* A copy of the complaint in the Wetlands Action is annexed hereto as Exhibit 9.

35. Niskauyana Square, as Plaintiff's predecessor in interest, answered the Complaint in the Wetlands Action and denied its material allegations.

36. Upon consent motion of the Corps, United States District Court Judge William Skretny entered an Order vacating the Jurisdictional Determination and remanding the issue for reconsideration with a new determination to be made no later than November 22, 2002. A copy of Judge Skretny's Order is annexed hereto as Exhibit 10.

37. Thereafter the Corps determined that the Wehrle Drive Property presented a "special case" and, pursuant to a Memorandum of Agreement with EPA, authorized EPA to make a final determination of geographic jurisdiction.

38. By "Memorandum for the Record" dated November 21, 2002 EPA issued a "Jurisdictional Determination and Special Case Designation for Wetlands and Aquatic Areas at 2220 Wehrle Drive, Amherst, New York" ("EPA Determination"). A copy of the EPA Determination is annexed hereto as Exhibit 11.

39. Paragraph 1 of the EPA Determination states in pertinent part that:

> Field investigation done by the Corps and EPA in July 2002 showed that a large wetland of approximately 9.5 acres exists on the project site. EPA concludes that this wetland delineation is accurate. EPA has determined that this wetland is subject to jurisdiction under the Clean Water Act (CWA) because it has a surface hydrological connection through a watercourse originating in the wetland, through ditches and a culvert into Ellicott Creek, to the Niagara River, a traditional navigable water. Further the wetland can be considered to be adjacent to Town Ditch 18 and subject to CWA jurisdiction on this basis as well.

### **THE TAP-IN WAIVER**

40. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 39 as if fully alleged herein.

41. After receipt of the EPA Determination, Plaintiff revised the site plan for the office park to mitigate the potential effect on the identified wetlands.

42. By letter dated June 28, 2005 (Exhibit 12), the EPA informed the Town Board that it would accept a waiver request for permission for a sewer tap in based upon the fact that Acquest's revisions to the site plan would "form the basis of an acceptable waiver request".

43. EPA's acceptance of the Tap-In Waiver request was contingent upon Acquest obtaining necessary "404 Permit Approvals" from the Corps pursuant to the Clean Water Act, 33 U.S.C. 1344.

44. By letter dated March 14, 2006, the Army Corps of Engineers notified Acquest that it was issuing a "Provisional Department of the Army Permit" to place fill in approximately 2.9 acres of wetlands on the Property (Exhibit 13).

45. The Army Corps of Engineers' 404 Permit completed the conditions outlined in the June 28, 2005, EPA letter and Acquest was then positioned to obtain the sewer Tap-In Waiver.

46. Issuance of the 404 Permit was a condition for final site plan approval by the Planning Board. As a result of the issuance of the 404 Permit, Acquest wrote the Planning Department and requested that the Office Park site plan be placed on the Planning Board agenda for the April 20, 2006 meeting (Exhibit 14).

47. By Resolution dated March 20, 2006, the Town Board rescinded the 2001 Tap-In Waiver request and "terminated" the office park project. A copy of the Resolution is annexed hereto as Exhibit 15.

48. By letter dated April 7, 2006 (Exhibit 16) the Town Planning Department notified Acquest that as a result of the Resolution the, "[S]ite plan as submitted does not provide an acceptable plan for the disposal of sanitary sewage . . ."

HARRIS BEACH
ATTORNEYS AT LAW

8

49. The Resolution was adopted after Plaintiff amended the site plan for the office park, obtained the Corps of Engineers' 404 Permit and was informed by the EPA that the Tap-In Waiver would be granted upon approval of the site plan by the Planning Board.

50. By letter dated July 19, 2006, the Corps notified Plaintiff it was rescinding the "provisional permit" because of an alleged discharge of "fill material" to "an area previously determined by the U.S. Environmental Protection Agency (USEPA) to be federal wetlands regulated under Section 404 of the Clean Water Act.

51. Although the Plaintiff sought to develop the Wehrle Drive Property with a permitted use under the Town Zoning Code, and, to date, has expended in excess of $700,000 in development costs and while other alleged wetlands have been exempted from the Moratorium Agreement, the actions of the Defendants continue to deny Plaintiff the lawful use of its property.

**FIRST CAUSE OF ACTION**
**ADMINISTRATIVE PROCEDURE ACT**

52. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 51 as if fully stated herein.

53. The EPA Determination is arbitrary, capricious, an abuse of discretion, not in accordance with law and was made in excess of its jurisdiction under the provisions of the Clean Water Act and the Memorandum of Agreement.

54. There is no "significant nexus" between the Wehrle Drive Property and a navigable waterway of the United States as required by the provisions of the Clean Water Act and the decisions of the Supreme Court of the United States. Consequently, the Wehrle Drive Property is exempt from the provisions of the Clean Water Act.

55. As a result of the foregoing the Corps has no jurisdiction over the Wehrle Drive Property.

HARRIS BEACH PLLC
ATTORNEYS AT LAW

## SECOND CAUSE OF ACTION
## THE MORATORIUM AGREEMENT

56. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 55 as if fully alleged herein.

57. Neither Plaintiff nor its predecessors in interest in the Wehrle Drive Property are parties to the Moratorium Agreement.

58. The Wehrle Drive Property has a fair market value of not less than $5,600,000.

59. The Moratorium Agreement is void and unenforceable because it was executed without lawful authority and in excess of the jurisdiction of the EPA and Town Board. It violates the provisions of the Clean Water Act, Section 261 of the Town Law of the State of New York, and denies Plaintiff due process of law resulting in a taking of the Wehrle Drive Property by the United States of America and the Town of Amherst without just compensation and in violation of the Constitutions of the United States of America and the State of New York.

## THIRD CAUSE OF ACTION
## UNLAWFUL TAKING

60. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 59 as if fully alleged herein.

61. By entering into the Moratorium Agreement and refusing to permit Plaintiff to proceed with a lawful use of the Wehrle Drive Property and permit it to realize a reasonable return thereon, the United States of America through its designated agencies and the Town of Amherst have taken the Wehrle Drive Property without just compensation in violation of the Constitutions and laws of the United States of America and the State of New York.

## FOURTH CAUSE OF ACTION
## ADMINISTRATIVE PROCEDURE ACT

62. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 61 as if fully alleged herein.

63. The Corps' rescission of the Provisional Permit was arbitrary, capricious, an abuse of discretion and not in accordance with law.

WHEREFORE, Plaintiff demands that a judgment be entered on the First Cause of Action vacating the EPA Determination on the grounds that it is arbitrary, capricious, an abuse of discretion and not in accordance with law, and was made in excess of its jurisdiction under the provisions of the Clean Water Act and the Memorandum of Agreement, on the Second Cause of Action declaring the Moratorium Agreement void and unenforceable on the grounds that it is contrary to the laws of the United States of America and the State of New York, on the Third Cause of Action declaring that the United States of America and the Town of Amherst have taken Plaintiff's property without just compensation and ordering the United States of America and the Town of Amherst to pay just compensation for the taking in an amount not less than $5,600,000, and/or, in the alternative, on the Fourth Cause of Action, annulling the rescission of the Provisional Permit on the grounds that it was arbitrary, capricious, an abuse of discretion and not in accordance with existing law, and granting such other and further relief as to the Court may seem just and proper.

Dated: September 28, 2006

> Yours etc.,
> Harris Beach PLLC
>
> By: ___/s/ Richard T. Sullivan___
> Richard T. Sullivan
> *Attorneys for Plaintiff*
> 726 Exchange Street, Suite 1000
> Buffalo, New York 14210
> (716) 200-5050
> rsullivan@harrisbeach.com

HARRIS BEACH
ATTORNEYS AT LAW